NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOE A. MOYA, *Petitioner*.

No. 1 CA-CR 13-0927 PRPC

FILED 6-30-2015

Appeal from the Superior Court in Maricopa County
No. CR0000-123632
The Honorable Teresa A. Sanders, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Joe A. Moya, Buckeye
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Maurice Portley and Judge John C. Gemmill joined.

---

**B R O W N**, Judge:

**¶1**         Joe A. Moya petitions this court for review from the dismissal of his notice of post-conviction relief.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**         A jury convicted Moya of armed robbery.  The trial court sentenced Moya to thirty-five years' imprisonment and we affirmed his conviction and sentence on direct appeal.   *State v. Moya*, 1 CA-CR 6085 (App. 1985) (mem. decision).   Moya now seeks review of the summary dismissal of his third notice of post-conviction relief.

**¶3**         Moya argues the trial court erred when it dismissed his notice of post-conviction relief before he had the opportunity to file an actual petition.  When a defendant seeks to present issues in an untimely post-conviction relief proceeding such as this, the defendant must set forth those issues in the notice of post-conviction relief and present "meritorious reasons" that substantiate the claims.  Ariz. R. Crim. P. 32.2(b).  The notice must also explain why the defendant did not raise those issues in a timely manner.  *Id*.  If the notice fails to do these things, "the notice shall be summarily dismissed." *Id*.

**¶4**         The entirety of Moya's argument below was that he "just learned that some statutes in [his] case have been ruled unconstitutional." Moya did not identify the statutes at issue, the authority that rendered those statutes unconstitutional, how those statutes had any application to Moya's

conviction or sentence or his case in general, or how he suffered any prejudice.  Therefore, the trial court did not err when it summarily dismissed the notice of post-conviction relief.

¶5          Based on the foregoing, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama